AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v.  ) | Case No.    1:21-cr-185-3 (RMM)/(EGS) |
| CHRISTOPHER MOLINA-GARCIA  ) | |
| *Defendant*  ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐**(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
       § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐**(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐**(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
       Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
       (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐**(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
       through (c) of this paragraph, or two or more State or local offenses that would have been offenses
       described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
       jurisdiction had existed, or a combination of such offenses; **or**
    ☐**(e)** any felony that is not otherwise a crime of violence but involves:
       **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
       **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

- ☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

- ❐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

- ❐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- ❐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ❐ Subject to lengthy period of incarceration if convicted
- ❐ Prior criminal history
- ❐ Participation in criminal activity while on probation, parole, or supervision

- ❐ History of violence or use of weapons
- ❐ History of alcohol or substance abuse
- ❐ Lack of stable employment
- ❐ Lack of stable residence
- ❐ Lack of financially responsible sureties
- ❐ Lack of significant community or family ties to this district
- ❐ Significant family or other ties outside the United States
- ❐ Lack of legal status in the United States
- ❐ Subject to removal or deportation after serving any period of incarceration
- ❐ Prior failure to appear in court as ordered
- ❐ Prior attempt(s) to evade law enforcement
- ❐ Use of alias(es) or false documents
- ❐ Background information unknown or unverified
- ❐ Prior violations of probation, parole, or supervised release

C. **OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Mr. Molina-Garcia argues that he is not a flight risk. While there is a history of failing to appear for court proceedings, he explains that he did not appear both because he did not receive prior notice and because of the COVID-19 Pandemic. Further, Mr. Molina-Garcia has an uncle in D.C. that has agreed to host Mr. Molina-Garcia, if he were released. Mr. Molina-Garcia is also 19 years old.

Mr. Molina-Garcia further argues he is not a danger to the community. He claims that, while he is seen holding a knife, there is no evidence that he used it or acted aggressively. Instead, the video footage of the incident shows that Mr. Molina-Garcia backed away and was, compared to his co-defendants, much less involved.

Nature and circumstances of offense(s):

The nature and circumstances of the offenses weigh in favor of detention. Mr. Molina-Garcia is accused of being a member of the 18th Street gang and, along with his co-defendants, openly committing a violent assault against rival gang members on a D.C. Metro platform in the middle of the afternoon. Mr. Molina-Garcia and his co-defendants initiated the encounter, and pulled weapons as they approached; Mr. Molina-Garcia carried a large knife, one co-defendant carried a meat cleaver, and the third, a revolver. The opposing gang members pulled their own weapons, and, after a brief standoff, one of Mr. Molina-Garcia's co-defendants fired the revolver at the MS-13 gang members twice as they backed away, just as a Metro train was arriving. The public nature of this attack evinces a complete disregard for the safety of others. Worse still, the attack was allegedly planned and executed to further serve the ends of the 18th Street Gang, a violent enterprise predicated on violence as a means of control. This factor weighs in favor of detention.

The strength of the government's evidence:

The strength of the government's evidence weighs in favor of detention. The United States proffered that there is clear video footage of the incident, clearly depicting Mr. Molina-Garcia and his co-defendants approaching the alleged rival gang members, drawing their weapons, and ultimately, firing the revolver twice at the retreating rival gang. Law enforcement recovered an expended projectile from the Metro platform, consistent with the direction of the gunfire. Ten days later, Officers observed a large knife in Mr. Molina-Garcia's backpack. Six weeks after the assault, Officers found Mr. Molina-Garcia at a common location used by the 18th Street Gang in Washington, D.C. after receiving a tip that gang members were gathering to commit violence against an opposing gang. One of the individuals found with Mr. Molina-Garcia carried a Taurus .38 special revolver, and after subsequent examination, the bullet fired on the Metro platform was matched to the recovered firearm.

The defendant's history and characteristics, including criminal history:

The history and characteristics of the defendant are neutral.  Weighing against detention, Mr. Molina-Garcia is only 19 years old and has family ties to Washington D.C., including an uncle who is willing to host Mr. Molina-Garcia if he were to be released. Furthermore, Mr. Molina-Garcia has never been arrested for a violent crime, nor has he been convicted of any crime. Weighing in favor of detention, Mr. Molina-Garcia has two pending cases for weapons possession and has a history of failing to appear. Mr. Molina-Garcia is further alleged to be a member of a violent street gang operating in Washington D.C. and internationally. On balance, the Court finds this factor to be neutral.

The defendant's dangerousness/risk of flight:

Given Mr. Molina-Garcia's alleged gang ties and his willingness to engage in brazen, public displays of violence, the Court finds this factor to weigh in favor of detention. Specifically, although there is no evidence Mr. Molina has engaged in recent conduct that is as egregious as the incident in 2019, the proffered facts present a danger that Mr. Molina-Garcia, as a member of a violent gang, would engage in violent or otherwise dangerous acts while on release, even if the Court set  stringent release conditions.  Consequently, the presumption of detention has not been rebutted in this case, and  the Government has met its burden to show that release conditions cannot adequately protect the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:        6/8/2021                          _____
                                                            United States Magistrate Judge